**Albert Erickson, Plaintiff in Error, v. W. Scott Matthews et al., Defendants in Error.**

**Gen. No. 20,626.**

MANDAMUS, § 51*—*when petition to compel restoration to public office insufficient.* A petition for a writ of mandamus to compel the restoration of the petitioner to a public office, based on the provisions of the Civil Service Act effective July 1, 1911 (J. & A. ¶ 10629), is defective where it does not allege that he had taken the oath of office before the act went into effect.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Error to the Circuit Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed March 29, 1915.

V. S. LUMLEY, for plaintiff in error.

JOHN J. POULTON and JOHN J. MAHONEY, for defendants in error.

MR. JUSTICE BAKER delivered the opinion of the court.

This is a writ of error prosecuted to reverse a judgment of the Circuit Court of Cook county sustaining the demurrer of the defendants to a petition for a writ of mandamus requiring the defendants to restore the relator, Albert Erickson, to the office of Chief Clerk of the State Food Department of the State of Illinois and dismissing the petition. The relator relies for his right to the writ on the following provision of the Civil Service Act, which took effect July 1, 1911: "All persons who when this Act takes effect shall hold offices or places of employment other than those exempted in section 11 of this Act shall be classified under the provisions of this Act and shall become members of the classified State Civil Service without original examination." (J. & A. ¶ 10629.) The demurrer of the defendants to the petition was sustained upon the theory that the petition did not allege facts showing that the relator was a *de jure* officeholder at the time the amendment above quoted took effect. The petitioner avers that the relator was appointed Chief Clerk June 30, 1911; "that he afterwards took the oath of office and entered upon such duties as the Chief Clerk of the Food Department." It is not stated in the petition when the relator took the oath of office. The Chief Clerk of the State Food Department is a State officer and is required by the Constitution to take an oath of office before entering on the duties of his office. The statute provides that, "All persons who when

this Act takes effect shall hold office'' shall become members of the Classified State Civil Service without original examination.   There is a distinction between the appointment to an office and the holding of such office.   One appointed to an office cannot be said to hold such office until he accepts the appointment and qualifies in the manner the law requires him to qualify before entering on the duties of the office. Up to the time that the relator took the oath of office he was merely a *de facto* officer and a *de facto* officer is not entitled to a writ of mandamus in a proceeding of this kind.   He must show a clear legal right to the office to which he seeks to be restored by the writ and must allege such facts in his petition as will enable the court to determine as a matter of law that he is entitled to the writ.

We think the Circuit Court did not err in sustaining the demurrer to the petition and dismissing the same, and the judgment is affirmed.

*Affirmed.*